FILED

[illegible] 17 PM 1:31

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____-Civ-_____

CRANBROOK INSURANCE COMPANY,
f/k/a VICTORIA INSURANCE COMPANY,

        Plaintiff,   6-09-CV-1032-ORL-31DAB

vs.

OCEAN PALMS BEACH CLUB, INC.,
HELPING HAND PRIVATE FOUNDATION,
INC., and BOARDMAN PROPERTY
DEVELOPMENT COMPANY, LLC,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Cranbrook Insurance Company f/k/a Victoria Insurance Company, for its complaint for declaratory judgment pursuant to 28 U.S.C. §2201(a) against Defendants Ocean Palms Beach Club, Inc., Helping Hand Private Foundation, Inc., and Boardman Property Development Company, LLC, states:

1. Plaintiff Cranbrook Insurance Company f/k/a Victoria Insurance Company ("Cranbrook") is a Texas corporation with its principal place of business in Farmington Hills, Michigan.

2. Defendant Ocean Palms Beach Club, Inc. ("Ocean Palms") is a non-profit corporation organized under the laws of Florida, and doing business in Florida. Defendant Ocean Palms Beach Club, Inc. is the named insured under the Cranbrook Policies discussed below.

3. Defendant Helping Hand Private Foundation, Inc. ("Helping Hand") is a not-for-profit corporation organized under the laws of New York, and doing business in Florida. Defendant Helping Hand Private Foundation, Inc. is the plaintiff in the Underlying Lawsuit

4. Defendant Boardman Property Development Company, LLC ("Boardman") is a limited liability company organized under the laws of Florida, and doing business in Florida. Defendant Boardman Property Development Company, LLC is a defendant in the Underlying Lawsuit.

5. This court has jurisdiction pursuant to 28 U.S.C. §1332 because this action is between citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interests and costs.

6. Venue is proper under 28 U.S.C. §1391(a) and (c).

7. Currently pending in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida is an action commenced on or about July 29, 2008, by Helping Hand Private Foundation, Inc. against Ocean Palms Beach Club, Inc. and Boardman Property Development Company, LLC bearing Case No. 2008-20639-CINS (the "Lawsuit"). A copy of the Amended Complaint in the Lawsuit is attached as Exhibit A. The only remaining claim against Ocean Palms Beach Club, Inc. is for an alleged breach of fiduciary duty.

8. In the Lawsuit, Helping Hand alleges, in pertinent part, the following:

    a. Ocean Palms Beach Club, Inc. is the operating and managing entity for the Ocean Palms Beach Club resort property, a time share condominium located in New Smyrna Beach, Florida. Ownership of each time share condominium is divided into intervals of seven consecutive day ("unit weeks"). Helping Hand owns sixty-two unit weeks in the Ocean Palms Beach Club resort.

b.  As operating and managing entity for the Ocean Palms Beach Club resort property, Ocean Palms Beach Club, Inc. was charged with securing appropriate insurance coverage for the property.

c.  Ocean Palms Beach Club, Inc. failed to secure and maintain insurance coverage, or sufficient coverage, to insure against damage to the property.

d.  As a result of hurricanes in the fall of 2004, the Ocean Palms Beach Club resort property sustained significant damage and remains uninhabitable.

e.  Ocean Palms Beach Club, Inc.'s failure to secure and maintain insurance coverage, or sufficient coverage, was a breach of a fiduciary duty owed to Helping Hand.

f.  As a result of Ocean Palms Beach Club, Inc.'s failure to secure and maintain insurance coverage, or sufficient coverage, to cover property losses such as those sustained in the 2004 hurricanes, Helping Hand has sustained damages, including loss of property value and use of the property, and continues to incur losses to maintain the property.

9.  Helping Hand's claims in the Lawsuit arise out of Ocean Palms Beach Club, Inc.'s failure to secure and maintain insurance coverage, or sufficient coverage, to cover property losses such as those sustained in the 2004 hurricanes,

10. Cranbrook issued a policy of insurance to Defendant Ocean Palms Beach Club, Inc., Policy No. VBDO10010 ( "Policy I"), in Florida, affording certain liability coverage subject to the terms, conditions, limitations, and exclusions in Policy I.  Policy I was effective from March 21, 2007, to March 21, 2008. A copy of Policy I and endorsements is attached as Exhibit B, Bates stamped CIC – 00019 through CIC – 00040.

11. Cranbrook also issued a policy of insurance to Defendant Ocean Palms Beach Club, Inc., Policy No. VBDO10026 ("Policy II") in Florida, affording certain liability coverage subject to the terms, conditions, limitations, and exclusions in Policy II. Policy II was effective from May 15, 2008, to May 15, 2009. A copy of Policy II and endorsements is attached as Exhibit C, Bates stamped CIC – 00041 through CIC – 00065.

12. Ocean Palms Beach Club, Inc. has demanded a defense and indemnification under Policies I and II from Cranbrook with respect to the claims which Helping Hand made against it in the Underlying Lawsuit.

13. Cranbrook reserved its right to deny coverage to Ocean Palms Beach Club, Inc. and is providing a defense to Ocean Palms Beach Club, Inc. in the Lawsuit pursuant to such reservation of rights.

14. The insuring obligation under the non-profit directors and officers liability portion of both Policies I and II provides the following:

> **Coverage Part A. Non-Profit Directors and Officers Liability**
>
> NOTICE: This is a Claims Made Policy. This policy only covers those **CLAIMS** first made against **INSURED** during the **POLICY PERIOD** or Extension Period, if purchased.
>
> \* \* \*
>
> **INSURING AGREEMENTS**
>
> I. **COVERAGE**
>
> The **COMPANY** will pay on behalf of the **INSURED** all **LOSS** in excess of the Retention not exceeding the limit of liability for which this coverage applies which the **INSUREDS** shall be legally obligated to pay as a result of any **CLAIM** made against the **INSURED** due to a **WRONGFUL ACT**, provided that the **CLAIM** is first made during the **POLICY PERIOD** and written notice of said **CLAIM** is received by the **COMPANY** no later than

sixty (60) days after the expiration date of the **POLICY PERIOD** or during any Extension Period, if applicable.

\* \* \*

### III. FULL PRIOR ACTS COVERAGE PROVISION

Coverage shall apply to any **CLAIM** first made against the **INSUREDS** for **WRONGFUL ACTS** arising solely out of an **INSURED'S** duties on behalf of the **ENTITY** committed prior to the expiration date of this Policy, provided that the **CLAIM** is first made during the **POLICY PERIOD**, or the Extension Period, if applicable, and written notice of said **CLAIM** is reported to the **COMPANY** as soon as practicable. There shall be no coverage for any **CLAIM** reported to the **COMPANY** later than sixty (60) days after the end of the **POLICY PERIOD** or after the expiration of the Extension Period, if applicable.

However, coverage shall not apply to any **CLAIM** based upon or arising out of any **WRONGFUL ACT** or circumstance likely to give rise to a **CLAIM** of which any **INSURED** had knowledge or otherwise had a reasonable basis to anticipate might result in a **CLAIM**, prior to the earlier of:

A. the inception date of this Policy, or

B. the inception date of the first Policy of this type the **COMPANY** has issued to the **ENTITY**, provided that the **COMPANY** has written continuous coverage for the **ENTITY** from such date to the inception date of this Policy.

Policy I at CIC-00026; Policy II at CIC-00051.

15. 15. Policies I and II also contain the following exclusion under Coverage A:

### V. EXCLUSIONS

This policy does not apply to:

\* \* \*

5

D. Any **CLAIM** arising out of or alleging **LOSS** or criminal abstraction of, damage to or destruction of any tangible property or the **LOSS** of use of such property by reason of the foregoing.

Policy I at CIC-00028; Policy II at CIC-00053.

16. In addition, the following endorsement is attached to, and made part of, Policies I and II provides as follows:

> **This Endorsement modifies insurance provided under the following:**
>
> **NON PROFIT DIRECTORS & OFFICERS LIABILITY**

**FAILURE TO MAINTAIN INSURANCE EXCLUSION ENDORSEMENT**

In consideration of the premium paid, it is agreed that the Company shall not be liable to make any payment for **LOSS** or **CLAIMS EXPENSES** in connection with any **CLAIM** made against any **INSURED** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the failure to effect or maintain insurance, or the cost thereof.

Policy I at CIC-00037; Policy II at CIC-00064

17. Policies I and II also contain the following definitions:

IV. **DEFINITIONS**

\* \* \*

B. (1) **CLAIM** means any demand made upon the **INSURED** for a result of a **WRONGFUL ACT** or

(2) any judicial or administrative proceeding initiated against any **INSURED** seeking to hold such insured responsible for a **WRONGFUL ACT**, . . . .

6

>A **CLAIM** shall be considered first made when an **INSURED** or its legal representative or agent first receives notice of a **CLAIM**.

>\* \* \*

> H. **LOSS** means any amount which the **INSURED** is legally obligated to pay or which the **ENTITY** shall be required or permitted by law to pay for any **CLAIM** or **CLAIMS** made against them for **WRONGFUL ACTS** and shall include but not be limited to monetary damages, judgments, and settlements.

>\* \* \*

> I. **POLICY PERIOD** means the period from the effective date of this Policy to the Policy expiration date set forth in the Declarations, or its earlier cancellation or termination date, if any.

>\* \* \*

> K. **WRONGFUL ACT** means any actual or alleged negligent act, error or omission, misstatement[,] misleading statement, or breach of duty committed by an **INSURED** in the performance of duties on behalf of the **ENTITY**.

Policy I at CIC-00026 - CIC-00028 Policy II at CIC-00051 – CIC-00053.

18. Under both Policies I and II, coverage would not be afforded for the breach of fiduciary duty claim made by Helping Hand against Ocean Palms.

19. Policy I covers only those claims first made against Ocean Palms during the policy period or extension period, if applicable. The policy period for this Policy was from March 21, 2007, to March 21, 2008. There was no extension period. Because Helping Hand's claim against Ocean Palms was first made on July 29, 2008, *i.e.*, outside the policy period of this

Policy, and there was no extension period for this Policy, there is no coverage afforded under Policy I for Helping Hand's claim against Ocean Palms.

20. The claim made by Helping Hand against Ocean Palms is also excluded from coverage under the "Full Prior Acts Coverage Provision" of both Policies I and II because prior to the inception date of both Policies, Ocean Palms had knowledge or, otherwise, had a reasonable basis to anticipate that Helping Hand might assert the claim it advances in the Lawsuit.

21. In addition, Helping Hand's claim against Ocean Palms is excluded from coverage under the damage/destruction of property exclusion contained in Policies I and II because Helping Hand's claim against Ocean Palms arises out of, or alleges losses based upon, damage to or destruction, or loss of use, of tangible property, *i.e.*, Helping Hand's timeshare unit weeks.

22. Furthermore, Helping Hand's claim against Ocean Palms is excluded from coverage under the "Failure to Maintain Insurance Exclusion Endorsement" of both Policies I and II because Helping Hand's losses and claims against Ocean Palms are based upon, arise out of, directly or indirectly result from, are in consequence of, or involve Ocean Palms' failure to effect or maintain insurance.

23. Therefore, there is no coverage under either Policy. Nevertheless, Cranbrook is in need of and entitled to a declaration of rights regarding same.

24. There exists a bona fide, actual and present dispute between the parties.

25. Cranbrook is in need of judicial interpretation or construction of the aforementioned Policies as related to the claim Helping Hand has made and the facts surrounding and pertinent to the allegations contained therein.

26.    Cranbrook is without an adequate remedy at law except by this Court's declaratory judgment declaring Cranbrook's rights under the Policies.

WHEREFORE, Plaintiff Cranbrook Insurance Company requests this Honorable Court to assume jurisdiction of this case and issue a judgment declaring (1) that there is no insurance coverage afforded under the Cranbrook Insurance Company Policies for the claims in the Lawsuit and (2) that Cranbrook Insurance Company has no duty to defend or indemnify Ocean Palms Beach Club, Inc. in the Lawsuit. Plaintiff Cranbrook Insurance Company further requests this Court enter an award for the costs incurred in this action.

DATED this 16th day of June, 2009.

_____
Joshua D. Lerner
Florida Bar No. 0455067
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577
Telecopier: (305) 371-7580

Attorneys for Plaintiff

835469