UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:09-cv-1032-Orl-31DAB

CRANBROOK INSURANCE COMPANY,
f/k/a VICTORIA INSURANCE COMPANY,

        Plaintiff,

v.

OCEAN PALMS BEACH CLUB, INC.,
HELPING HAND PRIVATE FOUNDATION,
INC., and BOARDMAN PROPERTY
DEVELOPMENT COMPANY, LLC,

        Defendants.
_____/

**PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH A DISCOVERY ORDER AGAINST DEFENDANT OCEAN PALMS BEACH CLUB, INC.**

Plaintiff, CRANBROOK INSURANCE COMPANY f/k/a VICTORIA INSURANCE COMPANY ("Cranbrook"), by and through undersigned counsel, pursuant Rule 37 of the Federal Rules of Civil Procedure, hereby files this Motion for Sanctions against Defendant, OCEAN PALMS BEACH CLUB, INC. ("Ocean Palms"), for failure to comply with the Order requiring Ocean Palms to serve responses to Cranbrook's written discovery requests (D.E. No. 49), and in support thereof states as follows:

**BACKGROUND**

A.    **Current Case Schedule**

On September 9, 2009, this Court entered a Case Management and Scheduling Order (D.E. No. 39) setting this case for trial to commence on November 1, 2010 and imposing certain fast-approaching deadlines, among others things. The fast-approaching upcoming deadlines set forth in the Scheduling Order are as follows:

- **March 31, 2010** – Disclosure of Expert Reports;

- **May 3, 2010** – Discovery Deadline; and

- **June 1, 2010** – Dispositive Motions.

B. **Timeline of Events**

On December 30, 2009, Cranbrook propounded its First Set of Interrogatories and First Request for Production upon Ocean Palms. Ocean Palms responses to Cranbrook's written discovery requests were due on February 2, 2010 (which includes the three additional mailing days pursuant to Rule 6(d) of the Federal Rules of Civil Procedure). Prior to formally requesting an extension of time, Ocean Palms' counsel contacted the undersigned to request a thirty day extension to serve responses to Cranbrook's written discovery requests. In light of the fast-approaching deadlines set forth in the Scheduling Order, including the discovery cut-off deadline, the undersigned could not agree to such a lengthy extension of time for Ocean Palms to serve its responses to written discovery. As a result, and in an effort to reasonably accommodate Ocean Palms need for additional time, Cranbrook agreed to a seven day extension of time for Ocean Palms to serve responses to discovery (i.e., a deadline of February 5, 2010).

On February 5, 2010, Ocean Palms filed a Motion for Extension of Time (D.E. No. 44) requesting that this Court enter an Order granting it an extension of time to serve responses through and including March 1, 2010. On February 17, 2010, Cranbrook filed its Response in Opposition to Ocean Palms' Motion for Extension of Time (D.E. No. 48). On February 18, 2010, this Court executed an Order (D.E. No. 49) denying Ocean Palms' Motion for Extension of Time and requiring Ocean Palms to serve responses to Cranbrook's First Set of Interrogatories and First Request for Production by February 22, 2010 ("Discovery Order").

On February 19, 2010, Ocean Palms' counsel notified the undersigned by way of an e-mail that counsel and her firm "will be withdrawing as counsel" for Ocean Palms. In response, Cranbrook advised Ocean Palms' counsel that it objected to the withdrawal if the same would result in a delay of the case deadlines. On March 1, 2010, Ocean Palms' counsel filed its Motion to Withdraw (D.E. No. 51). On March 2, 2010, this Court entered an Order denying the Motion to Withdraw (D.E. No. 52).

Notwithstanding Ocean Palms' counsel's unsuccessful attempt to withdraw, Ocean Palms has not served responses to Cranbrook's written discovery requests in violation of the Discovery Order. For the reasons set forth herein, sanctions should be imposed against Ocean Palms pursuant to Rule 37 based on its failure to comply with this Court's Discovery Order requiring Ocean Palms to serve responses to Cranbrook's First Set of Interrogatories and First Request for Production by February 22, 2010.

## MEMORANDUM OF LAW

Rule 37 of the Federal Rules of Civil Procedure authorizes a "[c]ourt to impose broad sanctions for discovery-related abuses." In re Seroquel Prods. Liab. Litig., 244 F.R.D. 650, 656 (M.D. Fla. 2007). More specifically, Rule 37(b) provides that a court may grant sanctions against a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(a). However, Rule 37 "'does not require that a court formally issue an order compelling discovery before sanctions are authorized.'" Hache v. Damon Corp., No. 8:07-CV-1248-T-30EAJ, 2007 WL 4365658, at *2 (M.D. Fla. Dec. 13, 2007) (*quoting* U.S. v. Route 1, 126 F.3d 1314, 1317–18 (11th Cir. 1997)); *see also* In re Seroquel Prods. Liab. Litig., 244 F.R.D. at 656–57. Thus, in addition to the authority for imposing sanctions under Rule 37, a "[c]ourt may also impose sanctions based upon its inherent power to manage its docket and its cases." In re

Seroquel Prods. Liab. Litig., 244 F.R.D. at 657 (*citing* In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995)).

Rule 37 outlines numerous sanctions the court may impose against uncooperative parties for discovery abuses. Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A)(ii). Possible sanctions include: 1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; 2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence"; 3) "striking pleadings in whole or in part"; 4) "rendering a default judgment against the disobedient party"; and/or 5) "awarding the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A)–(C), (d)(3). Consequently, Rule 37 sanctions are intended "to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999); Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 482 (11th Cir. 1982).

## ARGUMENT

### I. Ocean Palms Failed to Comply with the Discovery Order

As stated above, the Discovery Order required Ocean Palms to serve its responses to Cranbrook's First Set of Interrogatories and First Request for Production by February 22, 2010. However, Ocean Palms has not served responses to Cranbrook's written discovery requests to date. While Ocean Palms' counsel notified the undersigned of its intentions to attempt to withdraw on February 19, 2010, counsel did not file its Motion to Withdraw until after the deadline for serving Ocean Palms responses in compliance with the Discovery Order expired.

Further, Ocean Palms did not contact the undersigned to attempt to informally obtain an extension for compliance with the Discovery Order or file a formal motion with the Court setting forth any basis for which compliance may be justified or excused. As set forth in further detail below, Ocean Palms violated the Discovery Order and sanctions should be imposed in accordance with Rule 37.

      **II.**    **Ocean Palms' Violation of the Discovery Order is Harmful to Cranbrook and Sanctions Should be Imposed Under Rule 37**

Cranbrook served its First Set of Interrogatories and First Request for Production upon Ocean Palms on a date which would allow sufficient time to review and analyze said responses to prepare for and to schedule depositions well in advance of the deadline to file a dispositive motion (and to allow time for a response) and discovery cut-off. Ocean Palms failure to provide responses after Cranbrook agreed to a limited extension of time and this Court ordered it to do so without any explanation for the delay, is clearly an attempt to prevent Cranbrook from conducting any meaningful discovery in this case. Cranbrook is being prejudiced by not having an understanding of any of the grounds for Ocean Palms' denials of certain allegations in Cranbrook's Complaint for Declaratory Judgment, let alone, the purported factual basis for any of Ocean Palms' affirmative defenses.[1] Cranbrook's right to obtain relevant, discoverable evidence prior to the discovery cut-off deadline set forth in the Scheduling Order has been unfairly prejudiced by Ocean Palms failure to serve any responses to written discovery to date and in violation of the Discovery Order.

---

      1. Candidly, while Cranbrook acknowledges that it may be able to obtain certain discoverable information by way of a deposition of Ocean Palms' corporate representative, Ocean Palms to date has failed to provide dates of availability for a deposition despite multiple attempts by the undersigned to secure the same. Such conduct may unfortunately be the subject of a motion to compel should this issue not resolve in the short term.

5

Based on the foregoing, there is no justification for Ocean Palms failure to comply with the Discovery Order.  As a result, Cranbrook respectfully requests that this Court impose sanctions against Ocean Palms pursuant to Rule 37 including, but not limited to, the following: 1) striking the pleadings; 2) precluding Ocean Palms from presenting any evidence at trial of information and/or documents required to be disclosed in response to Cranbrook's written discovery requests; 3) imposing reasonable attorneys' fees and expenses incurred in filing the instant Motion; and 5) any other relief this Court deems just and proper in light of the foregoing.

## CONCLUSION

WHEREFORE, the Plaintiff, CRANBROOK INSURANCE COMPANY f/k/a VICTORIA INSURANCE COMPANY, respectfully requests that this Honorable Court enter an Order imposing appropriate sanctions against Ocean Palms pursuant to Rule 37 including, but not limited to, striking the pleadings, precluding Ocean Palms from presenting any evidence at trial, or in connection with any motion for summary judgment, of information and/or documents required to be disclosed in response to Cranbrook's written discovery requests, awarding Cranbrook reasonable attorneys' fees and costs incurred in attempting to secure Ocean Palms' responses to written discovery, as well as any other relief deemed just and proper in light of the foregoing.

Dated:  March 3, 2010

                  Respectfully submitted,

                  s/Joshua D. Lerner
                  Joshua D. Lerner, Esquire
                  Florida Bar No. 0455067
                  RUMBERGER, KIRK & CALDWELL
                  Brickell Bayview Centre, Suite 3000
                  80 S.W. 8th Street (33130-3037)
                  Post Office Box 01-9041
                  Miami, Florida  33101

Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580
E-Mail: jlerner@rumberger.com
Attorneys for Plaintiff

### **CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of March, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Joshua D. Lerner*
Joshua D. Lerner

CASE NO. 6:09-cv-1032-Orl-31DAB

## SERVICE LIST

**Cranbrook Insurance Company f/k/a Victoria Insurance Company v. Ocean Palms Beach Club, Inc., Helping Hand Private Foundation, Inc., and Boardman Property Development Company, LLC**
**Case No. 6:09-cv-1032-Orl-31DAB**
**United States District Court, Middle District of Florida**

**Michael A. Tessitore, Esquire**
**Melissa A. Campbell, Esquire**
McClane Tessitore
215 E. Livingston Street
Orlando, Florida 32801-7156
Telephone:  (407) 872-0600
Facsimile:  (407) 872-1227
E-mail:  mat@mcclanepa.com
Attorneys for Defendant, Ocean Palms Beach Club, Inc.
*Served by CM/ECF*

**Frederick Charles Kramer, Jr., Esquire**
950 N. Collier Blvd.
Suite 201
Marco Island, Florida 34145
Telephone:  (239) 394-3900
Facsimile:  (239) 642-0006
E-mail:  fkramer@marcoislandlaw.com
Attorneys for Defendant, Helping Hand Private Foundation, Inc.
*Served by CM/ECF*

1002486